| Rutas De Lima S.A.C. v Metropolitan Municipality of Lima |
|---|
| 2025 NY Slip Op 32175(U) |
| June 17, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 161598/2024 |
| Judge: Kathleen Waterman-Marshall |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. KATHLEEN WATERMAN-MARSHALL**

*Justice*

PART 31M

-------------------------------------------------------------------------X

RUTAS DE LIMA S.A.C.

Plaintiff,

- v -

METROPOLITAN MUNICIPALITY OF LIMA,

Defendant.

-------------------------------------------------------------------------X

INDEX NO. 161598/2024

MOTION DATE 02/06/2025

MOTION SEQ. NO. 001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47

were read on this motion to/for                                    STAY                                    .

Upon the foregoing documents and following on-the-record oral argument on June 3, 2025, the motion by judgment-debtor Metropolitan Municipality of Lima ("Lima"), for an order pursuant to CPLR § 5404(a) or, in the alternative, § 5404(b), staying enforcement of a foreign money judgment entered against it and in favor of judgment-creditor Rutas De Lima S.A.C. ("Rutas") in the sum of approximately $200 million without posting security, is denied.

## Brief Background

Rutas, a Peruvian transportation design and construction company, and Lima, a municipal and provincial government of the Republic of Peru, are in their sixth year of federal litigation following international arbitration proceedings in Washington, D.C. to resolve a dispute arising out of their Concession Contract. Rutas prevailed in the arbitration and was awarded money damages against Lima. In August 2020, Lima filed a petition to vacate the arbitration awards in the United States District Court for the District of Columbia ("the District Court"); Rutas cross-moved to confirm the awards.

On March 12, 2024, the District Court confirmed the arbitration awards in favor of Rutas and, on March 19, 2024, entered a "Final Judgment" against Lima for damages in line with the arbitration awards ("the Judgment"). The total amount of the Judgment as of February 29, 2024 is $198,396,867.25 (interest continues to accrue). Lima appealed the Judgment to the U.S. Court of Appeals for the D.C. Circuit ("the Circuit Court") and moved in the District Court for an unsecured stay of enforcement of the Judgment. To date, and as far as this Court knows, the District Court has not granted an unsecured stay.

On December 12, 2024, Rutas registered the Judgment in this Court. Lima then moved, by notice of motion, pursuant to CPLR § 5404, for an unsecured stay of execution of the Judgment pending its appeal in the Circuit Court. Lima argues that it is entitled to an unsecured stay under CPLR § 5404(a) because the federal courts have not required it to post a bond

161598/2024   RUTAS DE LIMA S.A.C. vs. METROPOLITAN MUNICIPALITY OF LIMA
Motion No.  001

Page 1 of 4

pending appeal and this Court must give full faith and credit to the District Court on this issue. Alternatively, Lima argues that, under CPLR § 5404(b), this Court could and should exercise its discretion to grant a stay without security after applying the relevant factors under CPLR § 5519(c). In the main, Lima argues that it has a meritorious appeal because Rutas' parent company is corrupt and subject to criminal charges; there is no danger that the Judgment will not be paid if it is affirmed because Lima is legally obligated to pay judgments once they are "res judicata" (a final judgment); Peruvian Law prohibits Lima from paying the Judgment unless and until it becomes "res judicata" and from now posting a bond, which is not an "external debt"; and, because the Judgment and bond have not been included in Lima's budget, payments thereon would have to come from funding for public services and social programs, to the detriment of Lima's residents.

Rutas opposes upon the ground that Lima has not and cannot establish entitlement to an unsecured stay under either CPLR § 5405(a) or (b). Rutas concedes that, under § 5404(a), this Court would be constrained by any order of the District Court (and potentially, the Circuit Court) granting Lima an unsecured stay, but notes that no such order has been issued yet. In this regard, Rutas requests that the Court hold the instant motion in abeyance or deny it without prejudice, pending the federal court's resolution of the issue (a request joined in by Lima at oral argument). As to CPLR § 5404(b), and by implication CPLR § 5519(c), Rutas argues that Lima offers an incorrect interpretation of these statutes and relies upon inapposite legal authorities; but urges that, under any interpretation, the facts do not warrant this Court's discretionary grant of an unsecured stay. Among other things, Rutas argues that Lima has known about, and could have budgeted for, the arbitration award for over five years; Lima's corruption and fraud challenges to the arbitration awards have been fully litigated, found to be without merit, and likely will not carry the day on appeal; and Lima's mayor has publicly stated that he did not intend to pay any part ("a single mango") of the award.

## Lima is Not Entitled to an Unsecured Stay of Execution of the Judgment

Colloquially – and generally – speaking, when it comes to enforcing money judgments, if you want a stay (pending appeal) you must pay (post a bond). In the absence of such requirement, a debtor may dissipate, hide, or transfer assets during the pendency of an appeal, rending the judgment worthless (*see Siegel, David New York Practice 6th Edition, § 476, "Enforcement of Judgments, Generally"* ["If that judgment can't be enforced, law is bound to fall several notches in the esteem of the plaintiff, which makes the enforcement of judgments a key moment in a test of the system"]).

New York Courts give "full faith and credit" to foreign judgments (CPLR § 5401, *et seq.*). In this regard, CPLR § 5404(a) requires a New York Court to stay execution of a foreign judgment in New York where the judgment debtor shows that an appeal therefrom is pending or will be taken, or the foreign court granted a stay, "upon proof that the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which it was rendered" (CPLR § 5404[a]; *Evoy v Amandio*, 34 Misc3d 410, 413 [Sup. Ct. N.Y. County 2011] ["Where an appeal is pending in the foreign state *and* security, as required by the foreign state, has been furnished in the foreign appeal, the court is required to stay the enforcement proceeding of such foreign judgment"]). Contrary to Lima's read of the statute, there is no ambiguity in its

161598/2024   RUTAS DE LIMA S.A.C. vs. METROPOLITAN MUNICIPALITY OF LIMA          Page 2 of 4
Motion No.  001

2 of 4

[* 2]

language, nor do the first conditions (filing of an appeal, etc.) render the last condition (proof of posting security) superfluous.

Lima is not entitled to an unsecured stay of enforcement under § 5404(a) because, although it took an appeal from the Judgment (first condition satisfied), it has not submitted proof that it furnished the security required by the District Court (last condition not satisfied). Indeed, the issue of whether and to what extent Lima must provide security for the payment of the Judgment pending its appeal is squarely before the District Court (and was unresolved as of June 3, 2025). That the District Court has not yet set the amount of security, if any, to be required for a stay, does not mean that the District Court did not require security, as contended by Lima. This Court will give full faith and credit to the District Court's determination on this issue, when it is rendered. Consequently, Lima's request for an unsecured stay of enforcement of the Judgment under CPLR § 5404(a), is denied without prejudice.

The court may also grant a stay under CPLR § 5404(b) where the judgment debtor "shows. . . any ground upon which enforcement" of a New York judgment "would be stayed" and "upon requiring the same security for satisfaction of the judgment which is required in this state" (CPLR § 5404[b]). As this statute permits a court to grant an unsecured stay of enforcement of a foreign judgment "on equitable grounds" (*Evoy*, 34 Misc3d at 417), it follows that the factors for a discretionary stay under CPLR § 5519(c) govern. In this regard, the Court will consider relevant factors such as the merits of the judgment debtor's appeal and relative hardship or undue prejudice between the parties (*see generally Deutsche Bank Nat. Trust Co. v Royal Blue Realty Holdings, Inc.*, 2016 WL 4194201 [Sup. Ct. N.Y. County 2016] ["In considering whether to grant a stay under subdivision (c), the court's discretion is the guide. It will be influenced by any relevant factor, including the presumptive merits of the appeal and any exigency or hardship confronting any party"]) (internal citations omitted). Lima's argument that this Court should apply federal law to its CPLR § 5519(c) analysis is not persuasive. Although there is an apparent dearth of cases addressing the precise issue raised herein, this Court is not without guidance and need not rely on federal authorities to establish a discernable state statutory standard.

Viewed through the CPLR § 5519(c) lens (*id.* [merit of appeal, relative prejudice]), on this record the Court declines to exercise its discretion to grant Lima an unsecured stay of the Judgment. Lima has yet to be successful on its attempt to avoid liability under the parties' contract, and for payment of the arbitration awards and now Judgment, based upon its corruption and fraud arguments asserted throughout the past five years. Thus, it has not shown a likelihood of success on its appeal. In addition, Lima's mayor publicly stated his intention to *not pay* the Judgment, notwithstanding its claim that it must pay the Judgment. In any event, in order to be enforceable or payable in Peru, the Judgment (to the extent it is affirmed) must first be registered in Peru, which is an apparently lengthy process which will further delay collection, even after all appeals are resolved. Although Lima explains its budgeting process preceding payment of judgments and the impact that posting a bond now would have on its operations, it did not address how, if at all, any of its attachable assets here in New York or Washington, D.C. relate to that budget and its ability to fund social programs. Under these facts, the prejudice to Rutas by an unsecured stay outweighs any prejudice to Lima, which knew of the arbitration award for five years but took no action to address security (in any amount) for any potential judgment. Lima's

161598/2024   RUTAS DE LIMA S.A.C. vs. METROPOLITAN MUNICIPALITY OF LIMA          Page 3 of 4
Motion No.  001

3 of 4

[* 3]

reliance on *Pickwick Int'l, Inc. v Tomato Music Co.*, 119 Misc2d 227 (Sup. Ct. Kings County 1983) to support its claim that it is entitled to an unsecured stay, is misplaced. The *Pickwick* decision lacks sufficient facts from which this Court can discern its applicability. The facts that are provided – that plaintiff obtained the judgment after a hearing at which defendant did not appear and after its attorney's *ex parte* conversation with the judge – required equity to intervene; no such facts exist here.

Accordingly, it is hereby

**ORDERED** that the motion by judgment-debtor Metropolitan Municipality of Lima, for an order pursuant to CPLR § 5404(a), granting it an unsecured stay of enforcement of the Judgment entered against it and in favor of judgment-creditor Rutas De Lima S.A.C. in the sum of approximately $200 million, is denied without prejudice; and it is further

**ORDERED** that the motion by judgment-debtor Metropolitan Municipality of Lima, for an order pursuant to CPLR § 5404(b), granting it an unsecured stay of enforcement of the Judgment entered against it and in favor of judgment-creditor Rutas De Lima S.A.C. in the sum of approximately $200 million, is denied.

| | | |
|---|---|---|
| **6/17/2025** | | **KATHLEEN WATERMAN-MARSHALL,** |
| **DATE** | | **J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE |

161598/2024  RUTAS DE LIMA S.A.C. vs. METROPOLITAN MUNICIPALITY OF LIMA                Page 4 of 4
Motion No.  001

4 of 4

[* 4]